UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOSHUA SMITH, | No. 2:20-cv-101-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| DHARMYIR SINGH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 9.

Application to Proceed In Forma Pauperis

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

Screening

I.    Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

/////

1

1      Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

3   fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41

5   (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7   a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8   relief above the speculative level on the assumption that all of the complaint's allegations are

9   true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

10  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12      In reviewing a complaint under this standard, the court must accept as true the allegations

13  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must

16  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

17  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19  grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

20      II.      Analysis

21      Plaintiff has impermissibly joined several unrelated claims against multiple defendants.

22      First, he alleges that, in November 2018, he was given a three day lay-in for pain in his

23  left arm and back.  ECF No. 8 at 3.  He claims defendant Singh sent him back to his prison job

24  assignment without sufficiently examining him, however, and his ongoing pain ultimately

25  resulted in being relieved of all work duty.  *Id.*

26      Second, plaintiff alleges that in January of 2019, he learned he was suffering from

27  "Barrett's Esophagus/Hiatal Hernia" – a condition that, without surgery, could result in cancer.

28  /////

1    *Id.* at 4.  Plaintiff claims that defendant Akintola repeatedly delayed surgery despite knowing of

2    the risk posed by the condition.  *Id.*

3          Third, plaintiff claims that in March of 2019, he presented at a sick call with chest pain,

4    coughing, fever, and shortness of breath.  *Id.*  He claims that defendant Akintola denied him

5    diagnostic medical care, requiring him to fill out a separate sick call request.  *Id*.  Plaintiff

6    eventually learned that he had a heart condition ("Hypertrophic Cardiomyopathy") and other,

7    unspecified serious health problems.  *Id.*  It is unclear if plaintiff was injured by the alleged delay

8    in diagnostic care.

9          Plaintiff may not bring multiple, unrelated claims against more than one defendant.  *See*

10    *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are

11    fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . .").  The

12    2018 claims against Singh appear factually unrelated to the 2019 claims against defendant

13    Akintola.  Plaintiff will be given leave to amend to address this deficiency.

14          III.     <u>Leave to Amend</u>

15          Plaintiff is cautioned that any amended complaint must identify as a defendant only

16    persons who personally participated in a substantial way in depriving him of his constitutional

17    rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the

18    deprivation of a constitutional right if he does an act, participates in another's act or omits to

19    perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also

20    include any allegations based on state law that are so closely related to his federal allegations that

21    "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

22          The amended complaint must also contain a caption including the names of all defendants.

23    Fed. R. Civ. P. 10(a).

24          Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

25    *George*, 507 F.3d 605 at 607.

26          Any amended complaint must be written or typed so that it so that it is complete in itself

27    without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended

28    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

1967)).

Any amended complaint should be as concise as possible in fulfilling the above

requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

background which has no bearing on his legal claims.  He should also take pains to ensure that his

amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

and organization.  Plaintiff should carefully consider whether each of the defendants he names

actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that

1.      Plaintiff's application to proceed in forma pauperis (ECF No. 9) is GRANTED;

2.      Plaintiff's complaint (ECF No. 8) is dismissed with leave to amend within 30 days

from the date of service of this order; and

3.      Failure to file an amended complaint that complies with this order may result in

the dismissal of this action for the reasons stated herein.

DATED:  April 17, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4