UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOSHUA SMITH,<br><br>Plaintiff,<br><br>v.<br><br>DHARMYIR SINGH, et al.,<br><br>Defendants. | No. 2:20-cv-101-TLN-EFB P<br><br>ORDER |

Plaintiff, a state prisoner, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. The court dismissed plaintiff's initial complaint (ECF No. 8) on screening after determining that it impermissibly joined multiple, unrelated claims against more than one defendant. ECF No. 11. Plaintiff was given leave to amend and he has now submitted an amended complaint (ECF No. 18) which the court must screen.

Screening

I.     Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.     Analysis

As before, plaintiff has joined at least two unrelated claims against more than one defendant.

First, he alleges that, in November of 2018, defendant Singh – a physician - denied him adequate treatment for arm and back pain.  ECF No. 18 at 3.  Plaintiff claims that, while Singh did issue him a back brace, a compression sleeve for his arm, and a chrono indicating lifting restrictions, the physician did not conduct a follow-up appointment before sending him back to work in the prison kitchen.  *Id.*  He claims that his premature return to work ultimately resulted in further injury and him becoming "unemployable."  *Id.*  Separately, and through no obvious fault of Singh, plaintiff alleges that he contracted Legionnaire's Disease while working his prison job in the kitchen.  *Id.* at 4.

     Second, plaintiff brings a range of separate medical claims against defendant Akentola – a physician's assistant.[1] He claims that, in March 2019, he presented to Akentola with chest pain, coughing, and fever – symptoms he claims are consistent with Legionnaire's Disease. *Id.* at 5. Akentola allegedly denied plaintiff treatment for these issues – though he provides no details of their interaction. *Id.* It is unclear, for instance, whether Akentola was genuinely of the opinion that no treatment was warranted or if, instead, he was aware of a severe risk to plaintiff's health and elected to ignore it. Regardless, plaintiff claims that, some time after his encounter with Akentola, he was transported to an outside hospital where he was told that he had suffered a "mild cardiac infarction" due to an underlying heart condition and "emphysematous" lung disease. *Id.* Plaintiff also alleges that Akentola subjected him to "unnecessary testing" but he does not describe what this testing entailed or whether Akentola knew that the testing was likely to have no efficacy. *Id.*

     Third, plaintiff claims that Laura Eldridge, warden of CHCF Stockton, violated his constitutional rights by allowing medical staff who were not licensed doctors to treat prisoners at that facility. *Id.* at 7. Plaintiff states that the use of these non-physician medical staff led to his inadequate medical treatment, but he does specifically identify the staff responsible or offer concrete allegations. The court is unaware of any authority which would constitutionally mandates that all prisoner medical treatment to be undertaken by or personally supervised by a physician – as opposed to a nurse or physician assistant. And plaintiff, to the extent he is referring to Akentola in this section, has not alleged that the latter's failures resulted from a lack of medical expertise (rather than, for instance, the type of poor judgment he ascribes to defendant Singh – who is a licensed doctor).

     The complaint remains deficient. The court must express some frustration that plaintiff persists, despite the warning offered by the previous screening order, in attempting to join

---

[1] Curiously, plaintiff later refers to a "Doctor Akintola Omoniyi" in the complaint and argues that this individual denied him adequate medical care in May of 2019. ECF No. 18 at 8. It is unclear whether Defendant Akentola and Akintola Omoniyi are one and the same. If they are the same individual, it is unclear whether Akentola/Akintola Omoniyi is a physician's assistant or a physician.

unrelated claims against more than one defendant. There is no clear factual relation between his claims against Singh – which occurred in 2018 and relate to his arm and back – and those against Akentola – which occurred in 2019 and relate to heart issues/Legionnaire's Disease. And, perhaps more fundamentally, plaintiff has failed to adequately allege that any of the defendants acted with the requisite subjective state required to state an Eighth Amendment claim for deliberate indifference. Plaintiff is advised that a claim for medical deliberate indifference requires two elements, one objective and the other subjective. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Lopez v. Smith*, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995)). The plaintiff must first establish a "serious medical need" by showing that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991)). "Second, the plaintiff must show the defendant's response to the need was deliberately indifferent." *Id.* (citing *McGuckin*, 974 F.2d at 1060). The subjective element is satisfied where prison officials "deny, delay or intentionally interfere with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle*, 429 U.S. at 105-06); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Here, plaintiff has failed to allege that any of his providers recognized a substantial risk to his harm and failed to act on it. Put another way, no allegations in the complaint, taken as true, establish that the failures in his medical care were more than negligence.

Plaintiff will be given one final opportunity to amend before the court recommends dismissal of this action.

III.   Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional

1 rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the
2 deprivation of a constitutional right if he does an act, participates in another's act or omits to
3 perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also
4 include any allegations based on state law that are so closely related to his federal allegations that
5 "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

6 The amended complaint must also contain a caption including the names of all defendants.
7 Fed. R. Civ. P. 10(a).

8 Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*
9 *George v. Smith*, 507 F.3d 605 at 607.

10 Any amended complaint must be written or typed so that it so that it is complete in itself
11 without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended
12 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
13 earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114
14 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
15 being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
16 1967)).

17 Any amended complaint should be as concise as possible in fulfilling the above
18 requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual
19 background which has no bearing on his legal claims. He should also take pains to ensure that his
20 amended complaint is as legible as possible. This refers not only to penmanship, but also spacing
21 and organization. Plaintiff should carefully consider whether each of the defendants he names
22 actually had involvement in the constitutional violations he alleges. A "scattershot" approach in
23 which plaintiff names dozens of defendants will not be looked upon favorably by the court.

Conclusion

25 Accordingly, it is ORDERED that

26 1. Plaintiff's amended complaint (ECF No. 18) is dismissed with leave to amend within
27 30 days from the date of service of this order; and

28 /////

5

2. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: September 28, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE