UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOSHUA SMITH,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DHARMYIR SINGH, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:20-cv-00101-TLN-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S EIGHTH AMENDMENT MEDICAL DELIBERATE INDIFFERENCE CLAIMS AGAINST DEFENDANT DHARMYIR SINGH PROCEED AND ALL OTHER CLAIMS BE DISMISSED<br><br>FOURTEEN DAY DEADLINE TO FILE OBJECTIONS<br><br>ECF No. 26 |

Donald Joshua Smith ("plaintiff") is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's first two complaints were dismissed with leave to amend. ECF Nos. 11 & 20. He has now filed a second amended complaint which alleges that defendants Singh, Akintola, and Elder exhibited deliberate indifference toward his serious medical needs. ECF No. 26. I find, for the reasons stated below, that plaintiff has stated a cognizable Eighth Amendment deliberate indifference claim against defendant Singh for failure to treat musculoskeletal injuries to his arm and back. *Id.* at 3-4. His other claims should be dismissed, however.

1

Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Analysis

Plaintiff alleges that, in November 2018, he suffered injuries to his arm and back while working in kitchen scullery. ECF No. 26 at 3. He claims that defendant Singh, a prison physician, failed to treat these injuries adequately because he would not authorize plaintiff's release from work duty and allow him time to heal. *Id.* Plaintiff alleges that, as a result of

2

continuing to work with his injuries, he suffered increased tissue and muscular damage. *Id.* at 4. These allegations, taken as true, state a cognizable Eighth Amendment deliberate indifference medical needs claim against Singh. This claim may proceed past screening.

Next, plaintiff alleges that, in March of 2019, he submitted a sick-call request and was attended by defendant Akintola, a physician's assistant. *Id.* at 5. Plaintiff claims that he was suffering from unspecified issues with his heart, lungs, liver, and abdomen. *Id.* He believes that some of these symptoms were related to possibly contracting Legionnaire's disease. *Id.* at 5, 7. Akintola allegedly ignored plaintiff's symptoms and refused to order medical tests. *Id.* at 5-6. Plaintiff claims that his symptoms worsened as a result. *Id.* at 6. These allegations state a cognizable medical deliberate indifference claim against defendant Akintola, but they are not sufficiently related to the allegations against defendant Singh to proceed in the same action. Whether Singh failed to treat plaintiff's arm and back injuries has no factual relation to whether Akintola failed to treat plaintiff for Legionnaire's disease. A court may add or drop parties on just terms. Fed. R. Civ. P. 21. I therefore recommend that plaintiff's claims against Akintola be dismissed without prejudice so that he may, if he chooses, pursue them in a separate action.

Finally, plaintiff alleges that defendant Eldridge, the warden of the institution, should be liable for his medical issues because she "is responsible for all staff and all inmate safety condition[s] and health throughout the prison." ECF No. 26 at 9. A supervisory defendant is liable under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's general assertion that Eldridge was responsible for inmate health and safety does not meet either of the foregoing prongs and he has failed to state a cognizable claim against her.

I find that granting plaintiff further leave to amend is unwarranted. This is his third complaint and this action has been at the screening stage for more than one year.

Accordingly, it is recommended that

1. Plaintiff be allowed to proceed with his Eighth Amendment claims for deliberate indifference against defendant Singh for failure to treat musculoskeletal injuries to his arm and back.

2. All other claims and defendants in the complaint be dismissed without prejudice for the reasons stated above.

3. If these recommendations are adopted, the matter be referred back to me so that service may be initiated for defendant Singh.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 27, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4