UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JOSHUA SMITH,<br><br>                    Plaintiff,<br><br>         v.<br><br>DHARMYIR SINGH,<br><br>                    Defendant. | Case No.  2:20-cv-00101-TLN-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>ECF No. 49 |

Plaintiff Donald Smith alleges that defendant Dr. Dharmyir Singh violated the Eighth Amendment because he failed to treat plaintiff's musculoskeletal injuries to his arm and back. Defendant moves for summary judgment, arguing that he was not plaintiff's physician during the time plaintiff alleges he was denied medical treatment and that, once he became plaintiff's physician, his treatment met the standard of care. Additionally, defendant claims qualified immunity. I recommend granting defendant's motion.

**Background**

In his second amended complaint, plaintiff alleges that in November 2018, he injured his arm and back while working in kitchen scullery. ECF No. 26 at 3. He alleges that defendant denied him adequate medical care by refusing to authorize his release from work duty so that his

1    injuries could heal. *Id.* As a result, plaintiff allegedly suffered increased tissue and muscular

2    damage. *Id.* at 4.

3          The undisputed evidence reflects that defendant was plaintiff's physician for two months

4    in 2019 and examined plaintiff on two relevant occasions: February 1, 2019, and March 1, 2019.[1]

5    ECF No. 49-4 at 6-15. During the first physical examination, plaintiff told defendant that he had

6    injured his left forearm approximately four to five months earlier when he pulled out a trash can

7    while working in the kitchen. *Id*. at 7. He claimed that he needed a sling because his arm hurt

8    when he lifted weight. *Id.* at 6. Plaintiff reported that the pain was a nine out of ten in intensity

9    and that he had a sharp and burning pain in his forearm near his elbow. *Id.* at 7. Plaintiff said

10   that the pain did not radiate to his shoulder or hand, that he experienced no pain when he was

11   resting, and that he did not have any numbness, tingling, or weakness in his left arm. *Id.* During

12   the same visit, plaintiff also reported suffering from lower back pain for several years. *Id.* He

13   indicated that his back pain was an eight out of ten on the pain scale. *Id.*

14         Following a physical examination of plaintiff, defendant noted in plaintiff's medical chart

15   that he had no rash, tenderness to palpation, or joint or tissue swelling in his left forearm. *Id.*

16   Defendant also noted that plaintiff had an upper extremity strength of five out of five and no

17   limitation in his range of motion in his elbows, shoulders, hands, or spine. *Id.* Defendant

18   reported that plaintiff was able to stand on his toes and heels and walked well. *Id.* Defendant

19   also reviewed a December 12, 2018 x-ray of plaintiff's left forearm and determined that it showed

20   no signs of abnormality. *Id.* at 2, 7. Following the examination, defendant informed plaintiff that

21   he did not need either a sling or to be excused from work. *Id.* at 7. Defendant continued

22   plaintiff's prior referral to physical therapy for his arm and referred him to physical therapy for

23   his back. He also prescribed Tylenol for pain as needed. *Id.*

24         On February 21, 2019, defendant reviewed plaintiff's physical therapy evaluations report

25   and ordered additional physical therapy for him. *Id.* at 3, 12. In the physical therapy report,

---

[1] Plaintiff claims that defendant treated him in July 2020. However, since plaintiff alleges claims based on defendant's treatment of him in 2018 and 2019, and plaintiff filed his complaint on January 14, 2020, ECF No. 1, defendant's July 2020 treatment of plaintiff in is not relevant to this case.

plaintiff's physical therapist prescribed hot moist packs for use on his elbow, ultrasound therapy for his elbow and forearm, and stretching and strengthening exercises. ECF No. 52 at 63.

Defendant examined plaintiff again on March 1, 2019. Plaintiff's chief complaint was that he had left arm pain. ECF No. 49-4 at 14. Plaintiff reported no change in his pain level or symptoms despite claiming that physical therapy had helped with his pain. *Id.* Defendant prescribed Tylenol for plaintiff's pain and notified him that there was no need for an MRI at the time. *Id.* at 15. Defendant amended plaintiff's medical classification chrono: he changed plaintiff's "functional capacity" to "limited duty" and wrote in the comment section "[n]o heavy lifting more than 5 lbs with left arm, no repetitive movements of Left arm." *Id.* at 17. Defendant diagnosed plaintiff with epicondylitis, or tennis elbow.[2] *Id.* at 3, 15.

## Legal Standard

### A. Summary Judgment

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computs., Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted). The same standards apply to both a motion for summary judgment and a motion for summary adjudication. *See* Fed. R. Civ. P. 56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

---

[2] The physical therapist concurred with defendant's diagnosis. ECF No. 52 at 62.

1  Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing either that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider materials in the record not cited by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.,* 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the

nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

### B.   Eighth Amendment Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)). "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

### Analysis

Plaintiff argues that defendant was deliberately indifferent by not authorizing him to be excused from work, by refusing to order an MRI, Cat-Scan, and surgery for his back pain, and by providing delayed treatment for his arm and back pain, all of which resulted in the exacerbation of his injuries. ECF No. 52 at 2. Plaintiff's argument is at its core a difference of opinion between him and defendant, and as such is insufficient to establish deliberate indifference. A

difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatments is not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi*, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment[; m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. A plaintiff must show that the defendant's chosen course of treatment was "medically unacceptable" under the circumstances. *Toguchi*, 391 F.3d at 1058 (citation omitted).

Plaintiff's opinion—that he needed to be excused from work and needed additional testz and procedures—is not enough to establish deliberate indifference. *See Solano v. Tate*, No. 1:15-cv-00756-DAD-SAB (PC), 2017 WL 3839953, at *8 (E.D. Cal. Sept. 1, 2017) (finding that the prisoner-plaintiff was not qualified to render an opinion that the defendant-doctor "should have considered other classes or types of pain medication," and that his "failure to do so was in contravention of acceptable medical standards"); *Carey v. Alphonso*, No. 1:13-cv-00669-SAB (PC), 2016 WL 471946, at *12 (E.D. Cal. Feb. 8, 2016) ("Plaintiff's belief that he should have been given a lower bunk Chrono earlier does not suffice to create a triable issue of fact regarding whether Defendants' failure to give a lower bunk Chrono earlier rose to the level of deliberate indifference."); *Martin v. Hedgpeth*, No. C 12-3193 CRB (PR), 2014 WL 3884287, at *4 (N.D. Cal. Aug. 7, 2014) (finding that "a mere difference of medical opinion as to whether a CAT scan was in order is not enough to establish deliberate indifference to serious medical needs").

More fundamentally, the treatment defendant provided plaintiff did not rise to the level of deliberate indifference. The undisputed facts show that defendant conducted two physical examinations of plaintiff, reviewed his left arm x-ray, which showed no abnormalities, continued to authorize physical therapy for his arm, ordered additional physical therapy for his back, prescribed him Tylenol for his pain, and changed his medical classification chrono to limited duty, restricting him from lifting over five pounds. Additionally, defendant found that plaintiff had no limitation in his range of motion for his arm or back, no rash or tenderness on his arm, and

1  no joint or tissue swelling in his left forearm. He determined that neither a sling nor an MRI
2  would help plaintiff. Furthermore, defendant referred plaintiff to a physical therapist, who
3  prescribed plaintiff hot moist packs for his elbow, ultrasound therapy for his elbow and forearm,
4  and stretching and strengthening exercises. The record demonstrates that defendant provided
5  plaintiff sufficient medical care. *See Redwine v. Spearman*, No. 15-CV-3109-TEH, 2016 WL
6  7324986, at *5-6 (N.D. Cal. Dec. 16, 2016) (finding that the defendant-doctor was not
7  deliberately indifferent to the plaintiff's epicondylitis by denying him shock wave treatment and
8  surgery when the defendant provided the plaintiff "with a great deal of treatment," "including x-
9  rays, medication, steroid shots, strengthening exercises, braces, and referrals for physical therapy
10 and mental health treatment").

11      Finally, plaintiff argues that defendant delayed providing medical care and treatment for
12 several months. ECF No. 52 at 6. The court cannot agree. Plaintiff was seen twice by defendant
13 during defendant's two months as plaintiff's primary care physician and seen at least once by his
14 physical therapist during that time.[3]

15      Accordingly, it is hereby RECOMMENDED that:
16      1. Defendant's motion for summary judgment, ECF No. 49, be granted.
17      2. Judgment be entered in defendant's favor and against plaintiff.
18      3. The Clerk of Court be directed to close the case.
19      I submit these findings and recommendations to the district judge under 28 U.S.C.
20 § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,
21 Eastern District of California. The parties may, within 14 days of the service of the findings and
22 recommendations, file written objections to the findings and recommendations with the court.
23 Such objections should be captioned "Objections to Magistrate Judge's Findings and
24 Recommendations." The district judge will review the findings and recommendations under 28
25 U.S.C. § 636(b)(1)(C).

---

[3] Because I find that plaintiff has not shown that defendant violated his Eighth Amendment rights, I need not address defendant's qualified immunity defense.

IT IS SO ORDERED.

Dated: ___January 20, 2023___

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE